IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMICA CENTER FOR IMMIGRANT RIGHTS,
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036;

AMERICAN GATEWAYS,
314 East Highland Mall Boulevard, #501
Austin, TX 78752;

ESTRELLA DEL PASO,
2400A E. Yandell Drive
El Paso, TX 79903;

FLORENCE IMMIGRANT AND REFUGEE RIGHTS PROJECT,
PO Box 654
Florence, AZ 85132;

IMMIGRATION SERVICES AND LEGAL ADVOCACY,
3801 Canal Street, Suite 210
New Orleans, LA 70119;

NATIONAL IMMIGRANT JUSTICE CENTER,
111 W. Jackson Boulevard, Suite 800
Chicago, IL 60604;

NORTHWEST IMMIGRANT RIGHTS PROJECT,
615 Second Avenue, Suite 400
Seattle, WA 98104;

PENNSYLVANIA IMMIGRATION RESOURCE CENTER,
PO Box 20339
112 Pleasant Acres Road, Suite I
York, PA 17402;

ROCKY MOUNTAIN IMMIGRANT ADVOCACY NETWORK,
7301 Federal Boulevard, Suite 300

Case No. 1:25-cv-00298

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Westminster, CO 80030,

*Plaintiffs,*

v.

UNITED STATES DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, NW
Washington, DC 20530;

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
5107 Leesburg Pike, Suite 1902
Falls Church, VA 22041;

DEPARTMENT OF HOMELAND SECURITY,
245 Murray Lane SW
Washington, DC 20528;

JAMES R. McHENRY III, in his official capacity as Acting Attorney General of the United States,
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530;

SIRCE E. OWEN, in her official capacity as Acting Director of the Executive Office for Immigration Review,
Executive Office for Immigration Review
5107 Leesburg Pike, Suite 1902
Falls Church, VA 22041;

KRISTI NOEM, in her official capacity as Secretary of Homeland Security,
Department of Homeland Security
245 Murray Lane, SW
Washington, DC 20528,

*Defendants.*

2

Plaintiffs Amica Center for Immigrant Rights, Estrella Del Paso, Florence Immigrant and Refugee Rights Project, Immigration Services and Legal Advocacy, National Immigrant Justice Center, Northwest Immigrant Rights Project, Pennsylvania Immigration Resource Center, and Rocky Mountain Immigrant Advocacy Network, respectfully move for entry of a temporary restraining order and preliminary injunction that:

1. ENJOINING, pursuant to Fed. R. Civ. P. 65, all Defendants and all persons in active concert or participation with them, from implementing or enforcing Executive Order No. 14159 (January 22, 2025), and any order, memo, instruction, or directive purportedly issued under that Executive Order that

    a. pauses, stops, impedes, blocks, cancels, or terminates Defendants' compliance with the mandate in the Department of Justice Appropriations Act, 2024 to fund the Legal Orientation Program ("LOP"), Immigration Court Helpdesk ("ICH"), Family Group Legal Orientation Program ("FGLOP"), and Counsel for Children Initiative ("CCI");

    b. denies Plaintiff practitioners access to Defendants' 'facilities for the purpose of providing LOP, ICH, FGLOP, or CCI services;

2. ENJOINING, pursuant to Fed. R. Civ. P. 65, all Defendants and all persons in active concert or participation with them, from removing from Defendants' facilities posters, literature, or other written communications of Plaintiffs pertaining to LOP, ICH, FGLOP, or CCI services;

3. ENJOINING, pursuant to Fed. R. Civ. P. 65, all Defendants and all persons in active concert or participation with them, to permit Plaintiffs to continue to post or distribute within Defendants' facilities posters, literature, or other written communications of Plaintiffs pertaining to LOP, ICH, FGLOP, or CCI services;

4. ENJOINING, pursuant to Fed. R. Civ. P. 65, all Defendants and all persons in active concert or participation with them, to remove from their websites and any other locations of publication any statement indicating or suggesting that LOP, ICH, FGLOP, or CCI services are not available; and

5. ENJOINING, pursuant to Fed. R. Civ. P. 65, all Defendants and all persons in active concert or participation with them, from preventing Plaintiffs from accessing Defendants' facilities for the purpose of providing LOP, ICH, FGLOP, or CCI services; and

6. GRANTING such other and further relief in favor of Plaintiffs and against Defendants as this Court deems just and proper.

Plaintiffs meet the test for issuance of preliminary relief. The agency action challenged in this case blocks funding to Plaintiffs in contravention of a specific congressional appropriation mandating that such funding "shall" be made available. No reasoned explanation was provided for this arbitrary and abrupt cut-off of funds in defiance of the appropriation statute. The appropriation Defendants would block is the latest in a series of appropriations, made over decades, to support the offered programs. This termination of funding will have immediate adverse effects on the Plaintiff organizations by requiring cuts to staff and programming that they offer, and that the Defendants have acknowledged are required to be provided.

Preliminary relief is also necessary to protect Plaintiffs' rights under the First Amendment to communicate with noncitizens and to provide independent information to those persons about their rights in immigration proceedings and the procedures of those immigration courts.

As explained in the accompanying Memorandum of Points and Authorities, Plaintiffs are likely to succeed on the merits of their three claims for relief. Defendants' action is arbitrary or capricious, and violates the standards for reasoned decision-making required by the Administrative Procedure Act (First Claim for Relief); Defendants' action contravenes the Appropriations Clause by blocking the expenditure of specifically appropriated funds (Second Claim for Relief); Defendants removal of Plaintiffs' posters and written materials relating to LOP, ICH, FGLOP, or CCI, and denying Plaintiffs' access to Defendants' facilities to provide those program services infringes Plaintiffs' First Amendment rights (Third Claim for Relief).

Finally, the balance of equities favor Plaintiffs in this matter. Plaintiffs will suffer irreparable harm if Defendants stop the disbursement to them of congressionally appropriated funds. In contrast, preliminary relief until adjudication on the merits will result in the government

and Plaintiffs simply continuing to function by offering these programs as has been the status quo for many years.

Pursuant to Local Civil Rule 65.1(a), immediately prior to making this application to the Court, counsel for Plaintiffs provided Andrew Warden, an attorney at the Federal Programs Branch in the Civil Division of Defendant United States Department of Justice, with actual notice that Plaintiffs would file this motion, along with electronic copies of the complaint and the brief accompanying this Motion via e-mail before completing this electronic filing.

Pursuant to Local Civil Rule 65.1(d), Plaintiffs request that this motion be heard on an expedited basis. Plaintiffs support this application with the Complaint (ECF 1), the Memorandum of Points and Authorities filed concurrently with this Motion, and the accompanying Declarations of Edna Yang, Emily Bachman Brock, Kelly Rojas, Laura St. John, Lisa Koop, Marissa Mari Lopez, Monique R. Sherman, Ryan Brunsink, Al Page, and Vanessa Gutierrez.

Accordingly, Plaintiffs request that the Court grant Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction and enter the attached proposed order.

January 31, 2025

| s/ Adina Appelbaum | s/ Amer S. Ahmed |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS | GIBSON DUNN & CRUTCHER |
| Adina Appelbaum (D.C. Bar No. 1026331)<br>Samantha Hsieh (V.A. Bar No. 90800)*<br>Amelia Dagen (D.C. Bar No. 9004838)<br>Amica Center for Immigrant Rights<br>1025 Connecticut Avenue NW, Suite 701<br>Washington, DC 20036<br>(202) 331-3320<br>adina@amicacenter.org<br>sam@amicacenter.org<br>amelia@amicacenter.org | Amer S. Ahmed (D.C. Bar No. 500630)<br>Richard W. Mark (D.C. Bar No. NY0378)<br>200 Park Avenue<br>New York, NY 10166-0193<br>(212) 351-4000<br>rmark@gibsondunn.com<br>aahmed@gibsondunn.com |