# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS,<br>1025 Connecticut Avenue NW, Suite 701<br>Washington, DC 20036;<br><br>AMERICAN GATEWAYS,<br>314 East Highland Mall Boulevard, #501<br>Austin, TX 78752;<br><br>ESTRELLA DEL PASO,<br>2400A E. Yandell Drive<br>El Paso, TX 79903;<br><br>FLORENCE IMMIGRANT AND REFUGEE RIGHTS PROJECT,<br>PO Box 654<br>Florence, AZ 85132;<br><br>IMMIGRATION SERVICES AND LEGAL ADVOCACY,<br>3801 Canal Street, Suite 210<br>New Orleans, LA 70119;<br><br>NATIONAL IMMIGRANT JUSTICE CENTER,<br>111 W. Jackson Boulevard, Suite 800<br>Chicago, IL 60604;<br><br>NORTHWEST IMMIGRANT RIGHTS PROJECT,<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104;<br><br>PENNSYLVANIA IMMIGRATION RESOURCE CENTER,<br>PO Box 20339<br>112 Pleasant Acres Road, Suite I<br>York, PA 17402;<br><br>ROCKY MOUNTAIN IMMIGRANT ADVOCACY NETWORK, | Case No. 1:25-cv-00298<br><br>**DECLARATION OF AL PAGE IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

| | |
|---|---|
| 7301 Federal Boulevard, Suite 300<br>Westminster, CO 80030,<br><br>     *Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530;<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br>5107 Leesburg Pike, Suite 1902<br>Falls Church, VA 22041;<br><br>DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528;<br><br>JAMES R. McHENRY III, in his official capacity as Acting Attorney General of the United States,<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530;<br><br>SIRCE E. OWEN, in her official capacity as Acting Director of the Executive Office for Immigration Review,<br>Executive Office for Immigration Review<br>5107 Leesburg Pike, Suite 1902<br>Falls Church, VA 22041;<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br>Department of Homeland Security<br>245 Murray Lane, SW<br>Washington, DC 20528,<br><br>     *Defendants.* | |

## DECLARATION OF AL PAGE
## EXECUTIVE DIRECTOR FOR ISLA

*I, Allyson "Al" Page, make the following statements on behalf of Immigration Services and Legal Advocacy (ISLA). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Allyson "Al" Page, and I am the executive director at ISLA. ISLA is a legal services organization that provides direct legal representation and legal orientation to indigent immigrants and advocates for immigrant rights. ISLA is based in New Orleans, Louisiana, and provides services around the Gulf South region. ISLA is the primary organization dedicated to providing legal orientation services to indigent immigrant men, women, and children in removal proceedings before the New Orleans Immigration Court. We are also the only regional Council for Children Initiative (CCI) provider.

2. ISLA is a legal services organization that defends the rights of our immigrant communities and advocates for just and humane immigration policy. We are a small team of seven staff members and we all work together on all of our programs, with certain staff members taking the lead in distinct areas. We have one staff member in charge of the ICH program and one in charge of CCI, though every staff member participates in some way in each of those programs, whether it be providing representation, orientation, or organizing data for billing.

3. In order to carry out this mission, ISLA has several main work components: (1) Through the Immigration Court Help Desk (ICH) providing educational and pro se services in the form of legal education "general information session" ("GIS") presentations, conducting individual consultations (intakes), and conducting pro se workshops with all unrepresented noncitizens in proceedings before the New Orleans Immigration Court; (2) connecting unrepresented detained noncitizens who cannot afford a lawyer with pro bono attorneys from our various pro bono firm partners, for cases at both the trial and appellate court levels; (3) representing unaccompanied minors in immigration court through the Counsel for Children Initiative ("CCI"); and (4) providing in-house representation.

4. To address the first programmatic focus area, ISLA has been operating an ICH in the New Orleans Immigration Court (NOIC) since December of 2022. The program initially served both Annandale and New Orleans, and then in 2024 ISLA ceased serving Annandale and expanded services in the NOIC. Approximately 54,000 cases are pending before the NOIC and ISLA serves approximately 700 participants per year. This program provides legal orientation services to everyone whose cases are heard in the NOIC.

5. With ICH funding, ISLA currently has hired two staff members dedicated to providing ICH services in an office of only seven employees. Staff under ICH frequently attend

1

      immigration court to provide onsite orientation services and individual information sessions in addition to assisting the Immigration Judges with various requests for support. They provide offsite services at the ISLA office, including pro se workshops to assist with applications.

6. The NOIC serves populations of non-citizens from Louisiana, Mississippi, Alabama, Arkansas, Tennessee, and some areas of Florida and Texas. Despite the vast area covered by this court, the high percentage of indigent respondents, and the lack of legal or any formal higher education or English language skills for majority of population, there are extremely limited pro bono services in the region. ISLA is one of only several local organizations providing said services.

7. The Assistant Chief Immigration Judge (ACIJ) of the NOIC has expressed gratitude to the ISLA ICH staff on every meeting, noting the efficiency it helps bring to their dockets and caseload management. She has referred people to ICH services and welcomes friends of the court. She prints the ICH flyer for every Judge in the Court and requests that they hand it out at every hearing. She also has sent respondents to the ICH during hearings to help clarify questions and seek pro se assistance. She also encourages the interpreters to discuss the offerings of the ICH at the beginning of every hearing and point respondents in our direction if they are in need of assistance. The ACIJ has repeatedly thanked ISLA for making proceedings move more quickly and smoothly by preventing unnecessary continuances and appeals, and informing certain individuals that they had no viable claim for relief. Furthermore, she and the court staff have repeatedly asked for ISLA to expand their programming and attend Court with higher frequency.

8. Our CCI program represents unaccompanied minors in immigration court. We received a stop work order stating that we must cease work on the CCI cases that we are currently handling. As attorneys, it is not ethical for us to cease representing our clients because of the loss of funding, so we are forced to continue representation without any financial compensation. Further, as we lose staff members because we are no longer funded, we have fewer representatives to handle the CCI cases.

9. Without warning, on January 22, 2025, the Department of Justice issued a national contract stop work order, pursuant to Section 19 of the January 20, 2025, Executive Order titled "Protecting the American People Against Invasion." The national contract stop work order, which took effect immediately, extended to the following programs: the general LOP program, the Immigration Court Helpdesk ("ICH"), the Counsel for Children Initiative ("CCI"), and Family Group Legal Orientation Program ("FGLOP") and stated that these programs were being paused while they undergo an audit. We received an email on Wednesday afternoon, and then a follow up email several hours later urgently demanding that we respond acknowledging receipt of the stop work order. That day we were in the midst of providing ICH services and were forced to abruptly halt our work.

10. ISLA lost access to our pro bono space at the NOIC; all of the flyers were removed, and all of our pro se materials were taken away. ISLA lost access to our printer and our box of materials.

11. Participants who were relying on ISLA's services were left in the lurch, without notice that the services would be ending, and with no time to find alternative services. Those with asylum applications due will not have sufficient time to find the financial resources and the legal services to complete the application and will either lose their eligibility for asylum and/or be removed from the country.

12. ICH and CCI services make up approximately one-third of ISLA's 750K budget. At least two staff members will lose their jobs imminently if the program does not resume. There is no flexibility from other funding sources to cover ICH and ISLA has been forced to completely halt services for the foreseeable future.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed on the 31 of January 2025, in New Orleans, Louisiana.

_____/s/ Al Page_____

**Allyson "Al" Page**
**Executive Director**
**Immigration Services and Legal Advocacy**
apage@islaimmigration.org
**504-259-8226**