IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-00298-RDM<br><br>**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF** |

    Plaintiffs Amica Center for Immigrant Rights, American Bar Association, American Gateways, Charlotte Center for Legal Advocacy, Estrella Del Paso, Florence Immigrant and Refugee Rights Project, Immigration Center for Women and Children, Immigration Services and Legal Advocacy, National Immigrant Justice Center, Northwest Immigrant Rights Project, Pennsylvania Immigration Resource Center, and Rocky Mountain Immigrant Advocacy Network, respectfully move for summary judgment on each claim in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (Dkt. 62), and for relief as follows:

1. DECLARING that Defendants' actions that terminated the Legal Orientation Program ("LOP"), Legal Orientation Program for Custodians of Unaccompanied Children ("LOPC"), Immigration Court Helpdesk ("ICH"), Family Group Legal Orientation Program ("FGLOP"), and Counsel for Children Initiative ("CCI") violate the APA because they are "arbitrary, capricious, an abuse of discretion, or otherwise in violation of the law;"

2. DECLARING that Defendants' actions that terminated LOP, LOPC, ICH, FGLOP, and CCI violate the APA because they violate the Appropriations Clause;

3. DECLARING that Defendants' actions that terminated LOP, LOPC, ICH, FGLOP, and CCI violates the APA because they violate Plaintiffs' First Amendment Rights;

4. DECLARING that Defendants' actions that terminated LOP, LOPC, ICH, FGLOP, and CCI violate the separation of powers because Defendants exceed the appropriate authority of the Executive Branch and purport to exercise power granted exclusively to Congress;

1

5. DECLARING that Defendants' actions that terminated LOP, LOPC, ICH, FGLOP, and CCI are ultra vires and void;

6. HOLDING UNLAWFUL AND SETTING ASIDE Defendants' actions that violated the APA, including Defendants' actions that terminated LOP, LOPC, ICH, FGLOP, and CCI;

7. ENJOINING all Defendants and all persons in active concert or participation with them, from taking any action that

    a. pauses, stops, impedes, blocks, cancels, or terminates Defendants' compliance with the mandate in the Department of Justice Appropriations Act, 2024 to fund LOP, LOPC, ICH, FGLOP, and CCI;

    b. denies Plaintiff practitioners access to Defendants' facilities for the purpose of providing LOP, LOPC, ICH, FGLOP, or CCI services;

8. ENJOINING all Defendants and all persons in active concert or participation with them, from removing from Defendants' facilities any of Plaintiffs' posters, literature, or other written communications pertaining to LOP, LOPC, ICH, FGLOP, or CCI services;

9. ENJOINING all Defendants and all persons in active concert or participation with them, to permit Plaintiffs to continue to post or distribute within Defendants' facilities any of Plaintiffs' posters, literature, or other written communications pertaining to LOP, LOPC, ICH, FGLOP, or CCI services;

10. ENJOINING all Defendants and all persons in active concert or participation with them, to remove from their websites and any other locations of publication any statement indicating or suggesting that LOP, LOPC, ICH, FGLOP, or CCI services are not available; and

11. ENJOINING Defendants and all persons in active concert or participation with them, from preventing Plaintiffs from accessing Defendants' facilities for the purpose of providing LOP, LOPC, ICH, FGLOP, or CCI services;

12. AWARDING Plaintiffs' counsel reasonable attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

13. GRANTING such other and further relief in favor of Plaintiffs and against Defendants as this Court deems just and proper.

The administrative record and other evidence in this case proves that the Court should grant summary judgment for Plaintiffs on each of Plaintiffs' causes of action. The administrative record leaves no doubt that the April 10, 2025 termination was arbitrary and capricious, contrary to law,

and unconstitutional. Because the termination is not supported by the administrative record or consistent with the Administrative Procedure Act ("APA"), this Court should grant summary judgment in Plaintiffs' favor, permanently enjoin the termination, and grant Plaintiffs' other requested relief.

In the alternative—or until the Court issues a decision on Plaintiffs' motion for summary judgment—Plaintiffs also request a preliminary injunction, which is warranted on the facts before the Court. Because Plaintiffs are currently experiencing irreparable harm from Defendants' termination of the Programs, this Court should grant preliminary injunctive relief to prevent this harm to the extent its decision on Plaintiffs' summary judgment motion is pending.

Plaintiffs support this application with (and incorporate herein by reference) the Complaint (Dkt. 1), Plaintiffs' initial motion for a temporary restraining order and preliminary injunction (Dkt. 2) and all papers filed in support thereof (Dkts. 2-1 – 2-13 and Dkts. 43, 43-1 – 43-6) all supplemental authority filed in support of Plaintiffs' initial motion (Dkts. 11, 11-1, 11-2, 30, 30-1 – 30-15), the Amicus Brief of Former Immigration Judges and Former Members of the Board of Immigration Appeals (Dkt. 46), Plaintiffs' renewed motion for a temporary restraining order (Dkt. 53) and all papers filed in support thereof (Dkts. 52-1 – 52-18), plaintiffs' supplemental memorandum in support of their renewed motion for a temporary restraining order (Dkt. 59), Plaintiff's Amended Complaint (Dkt. 62), the administrative record produced by Defendants (Dkts. 65 – 65-4), the concurrently filed memorandum of points and authorities, the Declaration of Lauren Cusitello (ABA), the Declaration of Alicia de la O (ABA), the Declaration of Aimee Korolev (ABA), the Declaration of Rebecca Lightsey (American Gateways), the Declaration of Atenas Burrola Estrada (Amica Center), the Declaration of Cristina Ceron (CCLA), the Declaration of Melissa Mari Lopez (Estrella), the Declaration of Laura St. John (FIRRP), the

Declaration of Jessica Farb (ICWC), the Declaration of Al Page (ISLA), the Declaration of Lisa Koop (NIJC), the Declaration of Vanessa Gutierrez (NWIRP), the Declaration of Ryan Brunsink (PIRC), the Declaration of Emily Bachman Brock (RMIAN), the Declaration of Monique R. Sherman (RMIAN), the Declaration of David Duea (LCSNW), the Declaration of Ruby Robinson (MIRC), the Declaration of Randolph P. McGrorty (CLS Miami), the Declaration of Erin McKenney (Just Neighbors), the Declaration of Margaret Martin (CCNY), the Declaration of Michael Oropeza (El Pueblo), the Declaration of Kiera LoBreglio (CC Newark), the Declaration of Christopher M. Jones (FLS), and all other evidence properly before this Court.

Accordingly, Plaintiffs request that the Court grant Plaintiffs' Motion for Summary Judgment and Request for Preliminary Injunctive Relief.

May 2, 2025

<table>
<tr><td>

s/ Adina Appelbaum

AMICA CENTER FOR IMMIGRANT RIGHTS

Adina Appelbaum (D.C. Bar No. 1026331)
Samantha Hsieh (V.A. Bar No. 90800)*
Amelia Dagen (D.C. Bar No. 9004838)
Amica Center for Immigrant Rights
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
amelia@amicacenter.org

</td><td>

s/ Laura Sturges

GIBSON DUNN & CRUTCHER

Laura Sturges (C.O. Bar No. 36843)*
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5700
lsturges@gibsondunn.com

Amer S. Ahmed (D.C. Bar No. 500630)
Richard W. Mark (D.D.C. Bar No. NY0378)
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
rmark@gibsondunn.com
aahmed@gibsondunn.com

* admitted *pro hac vice*

</td></tr>
</table>