# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS, *et al*.,  Plaintiffs,  v.  U.S. DEPARTMENT OF JUSTICE, *et al*.,  Defendants. | )  )  )  )  )  )  )  )  )  )  )  )  )  Civil Action No. 1:25-cv-298-RDM |

## DECLARATION OF STEPHANIE E. GORMAN

I, Stephanie E. Gorman, declare as follows:

1.    I am the Acting Assistant Director of Policy for the Executive Office for Immigration Review ("EOIR"), which is an agency with the U.S. Department of Justice (DOJ).  The Office of Policy is responsible for all agency policy and regulatory review and development; internal and external communications; oversight of pro bono and legal orientation program activities; and legal education, research, and certifications.  I was appointed as the Acting Assistant Director of Policy in February 2025.  Prior to assuming this position, I served as an Assistant Chief Immigration Judge from January 2025 to February 2025, an Appellate Immigration Judge from 2019 to 2025, and an Immigration Judge from 2017 to 2019.

2.    This declaration is based on my personal knowledge and information made available to me in the course of my official duties.

1

3.      Based upon my current and past job duties with EOIR, I am familiar with the five formerly titled legal access programs at issue in this case ("the Programs")—the Legal Orientation Program ("LOP"), the Legal Orientation Program for Custodians of Unaccompanied Children ("LOPC"), the Immigration Court Helpdesk ("ICH"), the Family Group Legal Orientation Program ("FGLOP"), and the Counsel for Children Initiative ("CCI").

4.      The purpose of this declaration is to provide information in support of Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment and Preliminary Injunction, which is being filed on May 9, 2025.  This declaration details Plaintiffs' access to Immigration Court facilities following the April 10, 2025, decision to terminate the operative Program task orders for the convenience of the government, pursuant to EOIR's contract with the Acacia Center for Justice ("Acacia Contract"), as well as the provision of legal resources to individuals involved in Immigration Court proceedings.

## Access to Immigration Court Facilities

5.      On April 16, 2025—the date the termination of the operative Program task orders went into effect—the Chief Immigration Judge sent an email to all Immigration Court staff that, *inter alia*, (1) explained that the task orders for LOP, LOPC, ICH, FGLOP, and CCI had been terminated; (2) instructed staff to remove any signage in the Immigration Courts that directed people to any now-terminated Program services; and (3) explained that any legal service providers who previously delivered Program services as subcontractors no longer had "any particular special access rights" within Immigration Court facilities and should otherwise "be treated the same as any other member of the public."

6.      As a result of the termination of the Program task orders, former Program subcontractors will no longer receive remuneration from the federal government for any legal access services they provide within Immigration Court

facilities, and they will no longer have special access rights within those facilities. But former Program subcontractors, including Plaintiffs, will otherwise have the same rights of access to public spaces within Immigration Courts, and will be subject to the same rules and restrictions, as any other member of the general public.

7.      Rules governing public access to Immigration Courts can be found in 8 C.F.R. §§ 1003.27, 1003.31(d), 1003.46, 1208.6, 1240.10(b), and 1240.11(c)(3)(i). Part II of the EOIR Policy Manual, which consists of the Office of the Chief Immigration Judge Practice Manual ("OCIJ PM"), also provides guidance on public access to EOIR facilities.  Such guidance can be found in Chapters 1.5, 4.9, and 4.14.

8.      EOIR facilities are open to the public.  *See* OCIJ PM Chapter 1.5.  All Immigration Courts require individuals entering an EOIR facility to pass through security screening prior to entering.  *See* OCIJ PM Chapter 4.14.  After clearing the security screening, members of the public generally have access to EOIR facility common areas, including but not limited to the waiting areas, reception areas, hallways, the filing window, public restrooms, and public notice boards.

9.      For hearings held in the Department of Homeland Security's (DHS's) detention facilities, or federal, state, or local correctional facilities, compliance with additional security restrictions may be required.  *Id.*  For example, individuals may be required to obtain advanced clearance to enter these detention facilities.  *Id.* Additionally, cellular telephones, laptop computers, and other electronic devices may not be permitted depending upon the rules of the particular detention facility. *Id*.

10.     As a general matter, hearings before Immigration Judges are open to the public, although access can be restricted in certain limited circumstances.  *See e.g.*,  8 C.F.R.  §§  1003.27,  1003.31(d),  1003.46,  1208.6,  1240.10(b), 1240.11(c)(3)(i); OCIJ PM Chapter 4.9.  Immigration Judges also have the discretion to limit attendance or close a hearing to protect parties, witnesses, or the public

interest and parties may motion the Immigration Court to close a hearing not otherwise subject to rules limiting public access. *See* 8 C.F.R. § 1003.27(b).

11.    Access to each Immigration Court's administrative offices and the chambers of each Immigration Judge is not open to the public and is limited to Immigration Court staff and other authorized personnel.    Parties appearing in Immigration Court or conducting business with the Immigration Court are not allowed access to telephones, photocopying machines, or other court equipment within the Immigration Court's administrative offices.    *See* OCIJ PM Chapter 4.14. EOIR does not maintain a library at any Court that is open to the public and does not maintain libraries in any DHS detention facilities.

12.    The general public have the same access to EOIR facilities as legal counsel, except as described above related to closed or restricted hearings.    Some Immigration Courts also have meeting rooms where private consultations may occur. However, no member of the public may utilize these rooms or any EOIR space to the total exclusion of others, nor may any member of the public engage in activities to the exclusion of the use of EOIR facilities by other members of the public. Members of the public may not direct aliens to remain in any specific location within EOIR space, and EOIR cannot order an alien to interact with or attend a meeting with a particular member of the public. Members of the public who are disruptive within EOIR space or otherwise prevent the orderly processing of cases may be asked to leave.

### Provision of Legal Resources Within Immigration Courts

13.    Notwithstanding the termination of the aforementioned task orders, respondents in Immigration Court proceedings continue to have access to legal orientation information and resources.

14.    Immigration    Judges    conduct    rights    advisals    during    removal proceedings and ensure that cases are handled fairly.    These advisals include the

following information: 1) aliens have the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing; 2) aliens are also advised of the availability of pro bono legal service providers and are provided with a list of such providers; and 3) aliens have a reasonable opportunity to examine the evidence against them, to present evidence on their own behalf, and to cross-examine witnesses presented by the Government. *See* INA § 240(b)(4) and 8 C.F.R. § 1240.10.

15.    Immigration Judges also explain the charges and factual allegations contained in the charging document -- the Notice to Appear (Form I-862) or the Notice of Referral (Form I-863) -- in non-technical language.  See 8 C.F.R. §§ 1240.10(a)(5)-(a)(7).  Immigration Judges have a duty to develop the record and to inform aliens of any relief for which they are eligible. *See* 8 C.F.R. § 1240.11(a)(2). Immigration Judges also provide warnings related to background and security investigations; advise aliens of the consequences of failing to appear at subsequent hearings; and advise them of their right to appeal to the Board of Immigration Appeals.  *See* INA § 240(b)(5), (b)(7), (e)(1) and 8 C.F.R. §§ 1003.38, 1003.39, 1003.47(c), 1240.10(a)(3).

16.    While it is not uncommon for a represented respondent, through counsel, to waive reading of the advisals, if the respondent is unrepresented ("pro se") or if reading of the advisals is not waived, the Immigration Judge provides the respondent with all advisals and ensures that the respondent has received, or is provided, a List of Pro Bono Legal Service Providers.

17.    In addition to information and advisals provided by the Immigration Judge, legal information and resources are available to individuals at the Immigration Courts and online.

18.    Available information includes the List of Pro Bono Legal Service Providers ("List"), referenced above.  This list, published quarterly, contains

information on non-profit organizations, referral services, and attorneys who may be able to assist in providing pro bono legal services in immigration proceedings. Non-profit organizations and attorneys on the list commit to providing at least 50 hours per year of pro bono legal services before the court. The rules for qualifying organizations, pro bono referral services, and attorneys to be placed on the List can be found in the Code of Federal Regulations. *See* 8 C.F.R. § 1003.61 et seq. (80 Fed. Reg. 59503).

19.     EOIR provides Self-Help written materials within Immigration Courts throughout the country. These Self-Help written materials include general legal information as well as specific information about the local Immigration Court for pro se respondents and other interested individuals. Individuals are also provided with needed forms, such as those for change of address and fee waivers; applications for relief, including Asylum; and may also include answers to frequently asked questions about the local Immigration Court. Self-Help materials are provided in multiple languages.

20.     EOIR's Immigration Court Online Resource (ICOR) provides further Self-Help information online in multiple languages to help individuals navigate immigration proceedings. This resource provides general information on immigration hearings and how to prepare for those hearings. This includes *inter alia* information on how to contact the Immigration Court, check the status of a case, find legal representation, appeal an Immigration Judge's decision, and more.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on this 7th day of May 2025.


_____

Stephanie E. Gorman
Acting Assistant Director for Office of Policy
Executive Office for Immigration Review