IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00298-RDM |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

As the Court considers the parties' cross-motions for summary judgment and supplemental briefing, Plaintiffs hereby provide notice of the Supreme Court's June 27, 2025, decision in *Trump v. CASA, Inc.*, No. 24A9884 (June 27, 2025), attached hereto as Exhibit 1. In *CASA*, the Supreme Court held that District Courts do not have authority to issue so-called "nationwide injunctions" in certain kinds of cases. *Trump v. CASA, Inc.*, No. 24A9884, slip op. at 21 (June 27, 2025). The Court expressly limited its ruling, noting it did *not* apply to relief granted under the Administrative Procedure Act: "Nothing we say today resolves the distinct question of whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action." *Id.* at 11 n.10 (citing 5 U.S.C. § 706(2)).

Under the APA, this Court is and remains explicitly empowered to "hold unlawful and set aside agency action" that violates the APA, as Defendants' termination of the Programs at issue in this case does. 5 U.S.C. § 706(2). In his concurrence in *CASA*, Justice Kavanaugh acknowledged that, both before and following the *CASA* decision, "in cases under the Administrative Procedure Act, plaintiffs may ask a court to preliminarily 'set aside' a new agency [action]," as Plaintiffs have done in this case. *CASA*, slip op. at 2 (Kavanaugh, J., concurring). Because Plaintiffs' first

four causes of action are claims under the APA, and the Court can grant relief solely under the APA, *CASA* has no impact on this case or the parties' pending summary judgment motions.

Plaintiffs' fifth and sixth causes of action remain valid claims for declaratory and injunctive relief. To the extent the Court would like the parties to clarify what effect—if any—*CASA* has on those causes of action, Plaintiffs request the opportunity to submit short supplemental briefing solely on that question. Plaintiffs note, however, that the fifth and sixth causes of action are not necessary to grant Plaintiffs' requested relief, and invite the Court to rule on Plaintiffs' motion for summary judgment as to Plaintiffs' APA claims only, should the Court wish to reserve ruling on Plaintiffs' non-APA claims.

Finally, Plaintiffs note that they are preparing a motion to supplement the record to submit supplemental factual evidence of Plaintiffs' harms that has arisen since Plaintiffs' last submissions. These include Plaintiffs being denied detention facility access in violation of the Performance-Based National Detention Standards; restrictions on Plaintiffs providing information to pro se respondents in immigration court, resulting in dismissed applications for relief, detention, and deportation; and significant new layoffs.

                                                    Respectfully submitted,

| | |
|---|---|
| June 27, 2025 | */s/ Laura Sturges* |
| AMICA CENTER FOR IMMIGRANT RIGHTS | GIBSON DUNN & CRUTCHER |
| */s/ Adina Appelbaum*<br>Adina Appelbaum (D.C. Bar No. 1026331)<br>Samantha Hsieh (V.A. Bar No. 90800)*<br>Amelia Dagen (D.C. Bar No. 9004838)<br>Amica Center for Immigrant Rights<br>1025 Connecticut Avenue NW, Suite 701<br>Washington, DC 20036<br>(202) 331-3320<br>adina@amicacenter.org<br>sam@amicacenter.org<br>amelia@amicacenter.org | Laura Sturges (C.O. Bar No. 36843)*<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>(303) 298-5700<br>lsturges@gibsondunn.com<br><br>Amer S. Ahmed (D.C. Bar No. 500630)<br>Richard W. Mark (D.D.C. Bar No. NY0378)<br>200 Park Avenue<br>New York, NY 10166-0193<br>(212) 351-4000<br>rmark@gibsondunn.com<br>aahmed@gibsondunn.com<br><br>* admitted *pro hac vice* |